# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKETT, et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SENTOSA PROPERTIES, LLC, et al.<br><br>　　　　Defendants. | Case No.: 1:14-cv-01698 - LJO - JLT<br><br>ORDER DENYING DEFENDANTS' MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF JURISDICTION |

　　　　Prior to the removal of the action, defendants Arnold Huang, Elizabeth Huang and Eugene Wong moved to quash service of Plaintiffs' Summons and Complaint for lack of personal jurisdiction. (Doc. 1-4 at 38.)  Since the action was removed from Kern County Superior Court to the District Court on October 29, 2014, whether the state court has jurisdiction over the defendants is now a moot issue.

　　　　According to the Ninth Circuit, "The state court process becomes null and void on the date the action is removed to the federal court." *Beecher v. Wallace*, 381 F.2d 372, 373 (1967).  Moreover, pursuant to 28 U.S.C. §1448, in all removed cases "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."  Consequently, any defect in service may be cured following the removal of an action when a defendant "has not been served at all with state process." *Beecher*, 381 F.2d at 373.

Because the state court service is "null and void," and the issue of whether the state of California had personal jurisdiction[1] over the defendants is moot, Defendants' motion to quash is **DENIED**.

IT IS SO ORDERED.

Dated:     **November 24, 2014**                       **/s/ Jennifer L. Thurston**
                                                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The motion filed in Kern County Superior Court framed the issues. Following their removal of this action to this Court, the defendants took the position in their reply brief that the District Court lacks personal jurisdiction over the defendants. Submission of arguments or evidence for the first time upon reply is improper because it unfairly deprives the non-movant of an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). To the extent that the defendants challenge this court's jurisdiction, they may file a new motion.