UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKETT, et al.<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>SENTOSA PROPERTIES, LLC, et al.<br><br>　　　　Defendants. | Case No.: 1:14-cv-01698 - LJO - JLT<br><br>AMENDED ORDER DENYING DEFENDANTS' MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FOR LACK OF JURISDICTION |

　　　　Prior to the removal of the action, defendants Arnold Huang, Elizabeth Huang and Eugene Wong moved to quash service of Plaintiffs' Summons and Complaint for lack of personal jurisdiction. (Doc. 1-4 at 38.) For the reasons set forth below, Defendants' motion is **DENIED**.

**I.　　State court service of process**

　　　　According to the Ninth Circuit, "The state court process becomes null and void on the date the action is removed to the federal court." *Beecher v. Wallace*, 381 F.2d 372, 373 (1967). Moreover, pursuant to 28 U.S.C. §1448, in all removed cases "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." Consequently, any defect in service may be cured following the removal of an action when a defendant "has not been served at all with state process." *Beecher*, 381 F.2d at 373. Because the state court service is "null and void," and

the issue of whether the state of California had personal jurisdiction over the defendants is moot.

## II. Personal jurisdiction over Defendants

A district court has the power to exercise personal jurisdiction to the extent of the law of the state in it sits. Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1988). In the absence of a specific statutory provision conferring jurisdiction, federal courts apply the personal jurisdiction laws of the state in which they sit, but California's long-arm jurisdictional statute is "coextensive with federal due process requirements." *Panavision*, 141 F.3d at 1320. Thus, jurisdiction can be either general, where a party can be compelled into that state's court for any reason, or specific, which permits a court to exercise jurisdiction over a defendant only with regard to a specific activity, transaction, or dispute. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Here, the defendants do not reside in the state or regularly conduct business in the state of California. However, the Court may exercise specific personal jurisdiction over the defendants.

The Ninth Circuit Court of Appeals has established a three-prong test for determining whether a non-resident defendant is subject to specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one that arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)).

### A. Purposeful availment

Evidence that a defendant purposefully directed his activities in the forum state "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. In general, "a non-resident defendant's act of soliciting business in the forum state will generally be considered purposeful availment if that solicitation results in contract negotiations or the transaction of business." *Shute v. Carnival Cruise Lines*, 897 F.2d 377,

381 (9th Cir. 1990) *rev'd on other grounds*, 499 U.S. 585 (1991) (citing *Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1195 (9th Cir.1988)). Further, the requirement may be satisfied where the defendant "has created continuing obligations to forum residents." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Schwarzenegger,* 374 F.3d at 802 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In exchange for these "benefits and protections," defendants must "submit to the burdens of litigation in that forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Here, the defendants assert they have not purposefully directed activities toward the state of California such that there is no purposeful availment. (Doc. 1-4 at 48-52.) Mr. Wong reports that he does not have an office in the State of California and does not conduct business in the state. (*Id.*; citing Wong Decl. ¶¶ 5-6.) Further, Mr. Wong reports that he "never traveled to California in the course of his representation of WF Capital or Sentosa, or for any purpose related to the allegations of the Complaint." (*Id.*) Similarly, the Huangs assert "they never went to California to attend any meetings or conduct any business related to the claims alleged in the Complaint." (*Id.* at 52, citing A. Huang Decl. ¶¶ 7-8, E. Huang Decl. ¶¶ 9, 11.) Significantly, however, the defendants do not deny that the loans contracts in issue relate to property in California. The agreements at issue were executed in the State of California and concerned real property located there. (*See* Doc. 3-1 at 12.) This is sufficient to establish contact with the forum. *See, e.g., Hirsch v. Blue Cross, Blue Shield of Kan. City,* 800 F.2d 1474, 1480 (9th Cir. 1986) (finding the contract at issue in a breach of contract action satisfied the "purposeful availment" requirement because it concerned employees within the state, despite the fact that contract negotiations between the parties occurred outside the state).

**B.     Arising from forum-related activities**

The second prong of the test requires that the asserted claim arises out of the defendant's contacts with the forum state. *Panavision*, 141 F.3d at 1322. This requirement is measured in terms of "but for" causation. *Ballard*, 65 F. 3d at 1500. Here, Plaintiffs allege that they entered into agreements with Sensota and WF Capital based upon the assertions of the representatives that the companies would refrain from seeking relief from a bankruptcy court. (Doc. 1 at 18, ¶¶ 18-21.) However, Plaintiffs

3

allege the Defendants acted in a fraudulent manner, and "proceeded to complete a nonjudicial foreclosure sale of the Subject Property without any warning to Plaintiffs." (*Id.* at 22, ¶ 34.) Because Plaintiffs' injuries would not have occurred "but for" the representations made by Defendants, the harm alleged by Plaintiff arise from Defendants' contacts with the forum state.

### C. Reasonableness

Even when a Court finds the requirements of the first two prongs are met, "an unreasonable exercise of jurisdiction violates the Due Process Clause." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 474-75 (9th Cir. 1995). To evaluate the reasonableness of exercising jurisdiction, the Court considers several factors, including: (1) the extent of purposeful interjection into the forum state; (2) the burden on the defendants; (3) the conflict with the sovereignty of the defendants' state; (4) the forum state's interest in the suit; (5) the most efficient judicial resolution of the dispute; (6) the convenience and effectiveness of relief for the plaintiffs; and (7) the existence of an alternative forum. *Id.* at 475.

Non-resident defendants must present a "compelling case" that asserting jurisdiction would be unreasonable. *Mavrix Photo, Inc. v. Brand Techs.*, Inc., 647 F. 3d 1218, 1228 (2011) (citations omitted). Defendants argue that the Court has no jurisdiction over them because they have never lived in California. (Doc. 1-4 at 45-50.) Defendants assert also that "[t]he promissory notes, guarantees, forbearance agreements and other documentation for the loan transactions . . . were all made in, governed by, and expressly to be construed in accordance with the laws of the State of Washington." (Doc. 1-4 at 61, Wong Decl. ¶ 10) (*see also* A. Huang Decl. ¶ 10; E. Huang Decl. ¶ 10.) Further, Defendants report that the agreements indicate that "venue for any action related to these documents and transactions is to lie in the federal or state courts within King County, Washington." (*Id.*)

As an initial matter, Defendants' residential history is not a consideration when determining whether the exercise of personal jurisdiction is proper. The assertion of personal jurisdiction in this instance is not unreasonable given that the agreements related to property in California and were made with Plaintiffs, who are California residents and executed all agreements in California. As such, the forum state has an interest in the suit. Further, Plaintiffs are located in California, and the convenience and effectiveness of relief for Plaintiffs weigh in favor of finding the exercise of jurisdiction is reasonable.

Although Defendants assert they did not have "fair warning" that they may be sued in California because of the forum selection clauses identifying the venue as King County, Washington, Plaintiffs argue that the "contracts containing the pertinent forum selection clause were never signed by the Individual Defendants." (Doc. 29 at 5, emphasis omitted).  Rather, the contracts were between "the corporate defendants and Plaintiffs," and the individual defendants did not agree to be bound by the terms. (*Id.*)  Significantly, Defendants do not provide any information regarding when they learned of the forum selection clauses, or assert they were bound to the terms of the contracts. (*See* Wong Decl. ¶ 10, A. Huang Decl. ¶ 10, E. Huang Decl. ¶ 10.)

Moreover, because Defendants do not provide the exact language of the forum selection clause, the Court cannot determine whether the clause was set forth in permissive or mandatory language.  The former would mean only that Washington would be a place where litigation related to the contract could occur while the latter would require any litigation occur there.  Thus, this failure is significant. Most significantly, the allegations in the complaint related to the Defendants do not appear to be based upon breach of the contract.  Instead, seemingly, Plaintiffs contend these Defendants defrauded them by inducing them to forego seeking the protections of a bankruptcy action  and by encouraging them to expend substantial sums upon the assurances that Plaintiffs would be allowed to reap the benefits of this investment (Doc. 1-4 at 19-20).  On the other hand, by taking action related to the contracts and entering into the agreements which concerned the real property located in California, it appears Defendants had "fair warning" that they might be sued in this state.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citation omitted); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (personal jurisdiction in a remote forum is reasonable if the defendant "should reasonably anticipate being haled into court there").

Although Defendants may face a burden in defending this action from their residences in Washington, they have not shown the burden is such that it outweighs the other factors.  Moreover, the Ninth Circuit has determined that venue preferences do not negate this Court's jurisdiction.  *Hirsch*, 800 F.2d at 1482 ("inconvenience to a party who has minimum contacts with the forum often more appropriately is handled through changes in venue, and not by refusing to exercise jurisdiction").
///

**III.    Conclusion and Order**

  Because the state court service is "null and void," and the issue of whether the state of California had personal jurisdiction over the defendants is moot.  Further, as set forth above, this Court has specific general jurisdiction over Defendants.

  Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to quash service for lack of jurisdiction is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 6, 2015**                    /s/ Jennifer L. Thurston
                       UNITED STATES MAGISTRATE JUDGE