# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKETT, MONTEREY FINANCIAL ADVISORS LLC; WASCO INVESTMENTS LLC;<br><br>Plaintiffs,<br><br>v.<br><br>SENTOSA PROPERTIES LLC; AND ARNOLD HUANG,<br><br>Defendants. | Case No. 1:14-CV-01698-LJO-JLT<br><br>MEMORANDUM ORDER GRANTING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS<br><br>(Doc. 71) |

Before the Court in the above-styled and numbered cause of action is Defendants Sentosa Property LLC and Arnold Huang's ("Defendants") Motion to Expunge Lis Pendens, filed July 14, 2015 (Doc. 71). Plaintiffs filed their Opposition on August 3, 2015 (Doc. 72), and Defendants filed a Reply on August 10, 2015 (Doc. 76). The Court finds the motion appropriate for resolution without oral argument. Fed.R.Civ.P. 78; Local Rule 230(g). Having considered the parties' briefing, the record in the case, and the relevant law, the Court will grant Defendants' motion for the reasons set forth below.

## I.   BACKGROUND

Plaintiffs William Barkett ("Barkett"), Monterey Financial Advisors LLC, Parker Dam Development, Wasco Investments LLC ("Wasco Investments"), and Barusa LLC (collectively, "Plaintiffs") commenced this action on August 20, 2014, by filing a Complaint in the California Superior Court for the County of Kern against Defendants Sentosa Properties LLC ("Sentosa"), WF Capital, Inc. ("WF Capital"), Eugene Wong, and Arnold and Elizabeth Huang (collectively "Defendants"). *See* Compl., Doc. 1. Defendants removed to this Court asserting diversity

jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(b). The action arose out of various loans by WF Capital to Wasco in order to purchase and develop real property ("the Property") near the City of Wasco. *See generally*, Compl., Doc. 1. The thrust of all of Plaintiffs' claims is that Defendants' actions, specifically proceeding with foreclosure proceedings against the Property after allegedly entering a binding forbearance agreement, constitute breach of contract and fraud.

After the Court in its February 2015 Order (Doc. 52) granted Defendants' motion to dismiss the Complaint with leave to amend, Plaintiffs filed a First Amended Complaint (Doc. 55, "FAC"). Defendants moved to dismiss the FAC (Doc. 59). In an Order rendered June 16, 2015, the Court granted Defendants' motion and dismissed with prejudice all of Plaintiffs' claims. *See* Doc. 67.

On June 22, 2015, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit. *See* Docs. 69 & 70.

On January 23, 2014, Defendants moved to expunge the notice of lis pendens (Doc. 71) that Plaintiff recorded on December 11, 2014 against the Property in Kern County. *See* Doc. 71-2 at 62-3, Ex. B. Plaintiffs opposed the motion on August 3, 2015, and Defendants filed a Reply on August 10, 2015. The matter is now ripe for review.

## II. DISCUSSION

### A. Motion to Expunge Lis Pendens

Federal courts look to state law when deciding matters involving lis pendens. *See* 28 U.S.C. § 1964. Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which that real property claim is alleged." The effect of a lis pendens "is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." *BGJ Assocs., LLC v. Superior Court,* 75 Cal. App. 4th 952, 966 (1999). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." *Id.* at 967.

Under California law, parties at any time in the pendency of the litigation may ask the court in which the action is pending to expunge the notice of lis pendens. Cal.Code Civ. Proc. § 405.30. A court shall order that the notice be expunged if (1) "the court finds that the pleading on which the

2

notice is based does not contain a real property claim"; or (2) "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." *Id.* §§ 405.31-2. "Probable validity" of a claim means that it is more likely than not that a plaintiff will obtain a judgment against the defendant. *Orange County v. Hongkong and Shanghai Banking Corp. Ltd.,* 52 F.3d 821, 824 (9th Cir. 1995) (citing Cal.Code Civ. Proc. § 405.3). It is a plaintiff's burden to establish probable validity. Cal.Code Civ. Proc. § 405.32.

Defendants argue that the Court should grant their request to expunge the notice of lis pendens for four reasons: (1) Plaintiffs failed to comply with the statutory rules governing service, notice, and filing the lis pendens; (2) Plaintiffs in the FAC never asserted a real property claim; (3) this Court has dismissed with prejudice Plaintiffs' action in its entirety; and (4) Plaintiffs' appeal does not demonstrate a likelihood of success on the merits.

Plaintiff argues that the lis pendens should not be expunged because the controversy about the real property remains unresolved in light of their appeal of this Court's final decision to the Ninth Circuit Court of Appeals. Plaintiffs contend that this Court should maintain the status quo leaving the lis pendens in place until the Ninth Circuit appeal resolves the case. Plaintiffs do not challenge that California law governs.

First, this Court has previously determined that Plaintiffs in their FAC did not state claims upon which relief could be granted. *See* Docs. 52, 67. Therefore, Plaintiffs have not shown by a preponderance of the evidence that any claims are "probably viable" for the purposes of the instant motion. *See* Cal.Code Civ. P. § 405.32 ("In proceedings under this chapter, the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. The court shall not order an undertaking to be given as a condition of expunging the notice if the court finds the claimant has not established the probable validity of the real property claim."); *see also Howard S. Wright Constr. Co. v. Superior Court,* 106 Cal.App.4th 314, 319 (2003) ("A notice of lis pendens may be expunged if the trial court finds that the plaintiff-claimant 'has not established by a preponderance of the evidence the probable validity of the real property claim.'").

//

3

The Court understands that Plaintiffs disagree with this Court's dismissal of their claims. However, Plaintiffs' argument for the status quo rehashes the same arguments previously presented to the Court in the briefing relative to the motions to dismiss, which the Court found unavailing. California law provides that "on a motion to expunge a lis pendens after judgment against the claimant and while an appeal is pending, the trial court must grant the motion unless it finds it more likely than not that the appellate court will reverse the judgment." *Amalgamated Bank v. Superior Court,* 149 Cal.App.4th 1003, 1015 (2007); *see also Masson v. Selene Fin. LP,* 2013 WL 4427116 (N.D. Cal. Aug. 15, 2013) (citing *Amalgamated Bank); Mix v. Superior Court,* 124 Cal.App.4th 987, 997 n. 8 (2004) (explaining that "it would completely circumvent the Legislature's intent in enacting section 405.32, [if] merely filing an appeal, no matter how meritless, would automatically keep the lis pendens in place").

For the same reasons detailed in its February and June 2015 Orders, *see* Docs. 52 and 67, the Court finds that it is not "more likely than not that the appellate court will reverse the judgment." *Amalgamated Bank,* 149 Cal.App.4th at 1015. Accordingly, the Court concludes that it must grant the motion to expunge. *Id.*

## B. Attorneys' Fees

Defendants also move for attorneys' fees related to the instant motion. California Code of Civil Procedure section 405.38 authorizes an award of attorney's fees to a prevailing party on a motion to expunge a lis pendens, providing:

> The court shall direct that the party prevailing on [a motion to expunge lis pendens] be awarded reasonable attorneys' fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorneys' fees and costs unjust.

Defendants in their declarations state that before filing the instant motion they contacted Plaintiffs and requested that they voluntarily withdraw the lis pendens in light of this Court's dismissal of all of Plaintiffs' claims. *See* Doc. 72-2, Sharron Decl. ¶¶ 4, 5. The record shows that Plaintiffs initially declined to withdraw the notice of pending action. *See* Doc. 75, Gilmore Decl. ¶¶ 5, 6. In response, Defendants filed the instant motion, and, in opposition, Plaintiffs filed Barkett's declaration indicating that Plaintiffs would not acquiesce. *See* Doc. 72. However, with guidance by

4

counsel, Plaintiffs ultimately reconsidered and made efforts to voluntarily withdraw the notice. *See* Gilmore Decl. ¶ 8-11; *see also* Docs. 73, 74. Even so, Kern County did not accept the voluntary dismissal, seeking instead an order from this Court. *See* Sharron Decl. ¶ 6.

Plaintiffs do not challenge that an award of attorneys' fees to Defendants relative to the instant motion would be unjust. *See* Cal.Code Civ. Proc § 405.38. Rather, Plaintiffs object to Defendants' counsel's estimate that she spent 15 hours preparing the instant motion and her requested hourly rate of $450. Defendants' counsel filed a declaration in which she and an associate spent a combined 16.5 hours preparing the motion, and estimated that they would spend another 11.5 hours reviewing the opposition and drafting a reply, at an hourly rate of $450 per hour.

The Court determines a reasonable fee award using the lodestar method, which calculates a reasonable award by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1202 (9th Cir. 2013); *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir. 2011) (internal quotations and citation omitted) (per curiam). "Generally, when determining a reasonably hourly rate, the relevant community is the forum in which the district court sits." *Camacho,* 523 F.3d at 979. The movant carries the burden of providing sufficient evidence that the requested rate meets the community standard. *See Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984); *accord Van Skike v. Director, Office of Workers' Compensation Programs,* 557 F.3d 1041, 1046 (9th Cir. 2009). Courts should exclude from its initial calculation hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez,* 729 F.3d at 1203; *McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir. 2008).

1. Hourly Rate

Here, Defense counsel represents that $450 is her usual hourly rate, substantially discounted. However, her actual rate charged is not evidence of the prevailing market rate. *See Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 898 (9th Cir. 1995). The Court is guided not by counsel's

5

suggestion, but by the prevailing market rate within the Eastern District of California, Fresno Division, where the action was adjudicated. *Camacho*, 523 F.3d at 979.

Because Defendants fail to carry their burden to show that the rate requested is in line with prevailing rates in the Fresno Division, for guidance the Court looks to decisions from courts within the forum district awarding attorneys' fees on similar matters. *See, e.g., Nadarajah v. Holder,* 569 F.3d 906, 917 (9th Cir. 2009) (finding that courts may rely on decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience).

The Court finds Defendants' request for a $450 hourly rate exceeds the prevailing market rate in the Fresno legal community. Courts within the Eastern District of California's Fresno division have found that a reasonable range of attorney's fees is "between $250 and $380, with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience." *Silvester v. Harris,* No. 1:11-CV-2137 AWI SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17, 2014) (collecting cases) ($375 hourly rate for attorneys with 18 and 20 years of experience; $350 for attorney with 11 years of experience, $285 for attorney with ten years of experience); *see, e.g., Willis v. City of Fresno,* No. 1:09-CV-01766–BAM, 2014 WL 3563310, at *12-14 (E.D. Cal. Jul. 17, 2014) ($300 hourly rate appropriate for attorney with 19 years of experience); *Miller v. Schmitz,* No. 1:12-CV-00137-LJO-SAB, 2014 WL 642729 at *3 (E.D. Cal. Feb. 18, 2014) ($350 hourly rate appropriate for attorney with 20 years of experience); *Estate of Crawley v. Kings Cnty.,* No. 1:13-CV-02042-LJO, 2015 WL 4508642, at *7 (E.D. Cal. July 24, 2015) ($330 hourly rate appropriate for attorney with approximately 15 years of experience). For practitioners with less than ten years of experience courts have found that a reasonable range for attorneys' fees is "between $175 and $300 per hour." *Id.* (collecting cases).

The Court concludes that a current reasonable range of attorneys' fees, depending on the attorney's experience and expertise, is between $250 and $400 per hour, and that $300 is the upper range for competent attorneys with approximately a decade of experience. *See Silvester,* 2014 WL 7239371, at *4. Given defense counsel's eight years of experience and the nature of the motion to expunge, the Court finds that $285 is a reasonable hourly rate to use for the lodestar calculation. *Id.*

6

### 2. Hours Worked

Plaintiffs also object to Defendants' hours expended to prepare and file the instant motion. Movants need only provide a minimal level of detail that identifies the general subject matter of the time expenditures. *See, e.g., Lytle v. Carl,* 382 F.3d 978, 989 (9th Cir. 2004); *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 427 (9th Cir.) *opinion amended on denial of reh'g,* 255 F.3d 661 (9th Cir. 2000). Here, however, Defendants ask for reimbursement for time they estimate they *may* spend, but provide no billing detail other than total hours worked (16.5 on the motion collectively between two attorneys), and the general description of the tasks. While basic billing records are generally sufficient, Defendants' prediction does not meet this low bar. *See id.* Therefore, the Court will reduce the total number of hours requested, 28, by the forecasted 11.5 hours.

In any event, the Court finds that even 16.5 hours is excessive. In a nearly identical case related to attorneys' fees on a motion to expunge a lis pendens, *Morgan v. Aurora Loan Servs., LLC*, No. 2:12-CV-04350-CAS, 2014 WL 772763, at *2 (C.D. Cal. Feb. 20, 2014), a defendant stated that they contacted the plaintiff requesting that she withdraw the notice but plaintiff did not, and the court ultimately granted defendant's motion to expunge. Having prevailed, defendants testified by declaration that they spent 5.5 hours related to the motion. *Id.* The court found the hours expended "somewhat excessive," instead awarding fees for <u>three hours</u>. *Id.* at *2 (basing the lodestar amount on three hours at an hourly rate of $265).

Likewise, here, the Court finds Defendants' report that they expended 16.5 hours to prepare and file the motion to expunge is excessive. The motion is not complex and is based on a well-settled statutory scheme. Moreover, Plaintiffs took steps to voluntarily withdraw the motion and there is no showing by Defendants how they expended time pre- and post-voluntary withdrawal. Thus it is unclear how Kern County's rejection of the Plaintiffs' voluntary withdrawal impacted Defendants' billing. In other similar circumstances, courts evaluating fee awards for such work found that preparing such a motion should take a competent attorney approximately three to seven and a half hours. *See, e.g., Maxwell v. Deutsche Bank Nat'l Trust Co.,* No. 13CV03957WHOWHO, 2013 WL 6072109, at *3 (N.D. Cal. Nov. 18, 2013), *appeal dismissed* (July 22, 2014) (awarding

attorneys' fees for a motion to expunge for 7.5 hours of related work); *Morgan v. Aurora Loan Servs., LLC,* 2014 WL 772763, at *2 (finding 5.5 hours excessive, but that 3 hours is a reasonable time expenditure to prepare a motion to expunge); *Quinto v. JPMorgan Chase Bank,* No. 5:11-CV-02920-LHK, 2012 WL 2792445, at *2 (N.D. Cal. July 9, 2012) (granting defendants' request for fees at a rate of $218.40 per hour, noting that counsel spent <u>one hour</u> drafting the motion); *cf. Doan v. Singh,* No. 1:13-CV-531-LJO-SMS, 2014 WL 3867418, at *4 (E.D. Cal. Aug. 6, 2014) (awarding $2,275.00 in attorneys' fees and costs to prevailing defendant associated with bringing a motion to expunge a lis pendens).

The Court will award fees at a prevailing market hourly rate of $285.00 for seven hours expended related to this motion, consistent with the recent similar cases. As a result, the Court finds the lodestar amount to be $1,995.00, a reasonable amount to award Defendants for attorneys' fees related to the instant motion.

**III. CONCLUSION AND ORDER**

For the foregoing reasons, the Court concludes that expunging the lis pendens is appropriate pursuant to California law. Cal.Code Civ. Proc. § 405.31-32. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to expunge the lis pendens is **GRANTED**. Plaintiffs' lis pendens related to the Property is hereby expunged from the public record. Finally, pursuant to Cal.Code Civ. Proc § 405.38, the Court awards Defendants $1,995.00 in attorneys' fees.

IT IS SO ORDERED.

Dated:  **September 28, 2015**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE